IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROL J. TACCINO | * | |
| WILLIAM A. TACCINO | | |
|     Plaintiffs, | * | |
| | | |
| v. | * | CIVIL ACTION NO. RDB-17-428 |
| | | |
| SETH B. D'ATRI | * | |
| WILLIAM J. TROZZO | | |
|     Defendants. | * | |
| | ***** | |

## **MEMORANDUM OPINION**

Background

On February 14, 2017, the Clerk received for filing the above-captioned self-represented Complaint from Carol and William Taccino, residents of Cumberland, Maryland against Seth D'Atri and William J. Trozzo, two Cumberland, Maryland attorneys who represent the defendants (the Ungers) in ongoing state court civil litigation filed by the Taccinos in 2016. The Complaint for damages is accompanied by a Motion for Leave to Proceed In Forma Pauperis. ECF No. 2. Although relevant information was omitted in the application, because the Taccinos appear indigent, their indigency motion shall be granted.

Although difficult to decipher the jurisdictional basis for the litigation, the lawsuit seemingly raises claims of defamation, discrimination, and violations of the Taccino's Fifth and Sixth Amendment rights. The allegations arise out of state court litigation involving the Taccinos and the sale of their real property to Wayne and Judy Unger. The Taccinos allege that the Ungers defaulted

on the property's purchase agreement, causing the Taccinos to file civil litigation in the Circuit Court for Alleghany County seeking possession of the real property.[1]  The Taccinos claim that the Ungers retained Defendants' law firm to represent them and seemingly allege that Defendant D'Atri, in his capacity as defense counsel for the Ungers:  (1) mailed a letter to the Taccinos demanding money, (2) filed counter-claims and sought to join other parties against the Taccinos in the state court civil action, (3) objected to the Taccinos' request for a state court jury trial,  (4) sent a copy of a statement, making  "slanderous" accusations against the Taccinos, and (5) in effect, denied the Taccinos' their right to their real property.   ECF No. 1.

Analysis

Under 28 U.S.C. § 1915(e)(2)(B)(ii), this Court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted.  Although a pro se plaintiff's pleadings are liberally construed, the complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).   Indeed,  a plaintiff must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. *Id.*

---

[1]   A copy of the civil docket sheet in the state court action is provided. *See Taccino v. Unger, et al.*, Case Number 01C16043472 (Circuit Court for Allegany County).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). Further, since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly,* 160 U.S. 337 (1895). Accordingly, a federal court is required, *sua sponte,* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Generally, a case can be originally filed in a federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332, and "[t]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure; *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999); and if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The Taccino's slander claim appears grounded in state law. A federal district court does not sit to review every claim related to alleged tortious conduct involving non-federal parties. Instead, it only has authority to review such state-law claims filed pursuant to a federal district court's diversity

of citizenship jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties reside in different states and the amount in controversy exceeds $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 554–55 (2005). When a party seeks to invoke diversity jurisdiction under § 1332, he or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

In this case, all parties reside in Maryland. Therefore, the Complaint does not satisfy diversity of citizenship requirements and the case must be dismissed without prejudice for lack of subject matter jurisdiction. It is clear that this Court has no basis for finding diversity jurisdiction over the defamation claim in this case

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal question is presented on the face of Plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.,* 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or

application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id.* (internal citations and quotations omitted).

The Court finds that the Taccinos have failed to set out a constitutional claim. In essence their allegations challenge nothing more than Defendants' representative actions when acting for the Ungers in the state civil action. Further, even if the Taccinos' constitutional claims were colorable under § 1331, they are tied to actions and decisions taken in the pending state court civil action and are subject to *Younger v. Harris,* 401 U.S. 37 (1971), and its progeny. The *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 165 (4th Cir. 2008). " '*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action.' " *Williams v. Lubin,* 516 F.Supp.2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist,* 444 F.3d 237, 247 (4th Cir. 2006)).

All three elements of the *Younger* test are satisfied here. As discussed, the civil proceeding is ongoing in the Circuit Court for Alleghany County, satisfying the first element. The second element is satisfied because Maryland has a substantial interest in its property law. *See Harper v. Pub. Serv. Comm'n of W. VA.,* 396 F.3d 348, 352 (4th Cir. 2005) ("[P]roperty law concerns, such as land use

5

and zoning questions, are frequently 'important' state interests justifying *Younger* abstention."); *Fisher v. Fed. Nat. Mortgage Ass'n,* 360 F.Supp. 207, 210 (D. Md. 1973). Finally, the Taccinos have not raised any federal constitutional claims that would implicate the third element of the *Younger* test. A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: February 23, 2017           /s/
              RICHARD D. BENNETT
              UNITED STATES DISTRICT JUDGE